IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|                |   |                    |
|----------------|---|--------------------|
|                | § |                    |
| IN RE:         | § |                    |
|                | § |                    |
| AVDI  PALUSHI  | § |   3:09-CV-2004-G   |
|                | § |                    |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed

on October 15, 2009, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On September 29, 2009, Avid Palushi (Palushi) filed a "Notice of Appeal to the District

Court for Judicial Review" of the August 31, 2009 order of the Board of Immigration Appeals

(BIA) denying his motion to reopen removal proceedings.  The pleading implicitly challenges

the validity of the removal order that was entered against Palushi and that became final in 2003.

This court lacks jurisdiction to consider any challenge to a final removal order under the

REAL ID Act of 2005, codified as amended 8 U.S.C. § 1252(a).[1]  The REAL ID Act "divested

---

[1]      Section 106 of the REAL ID Act of 2005, Pub.L. No. 109-13, Div. B, 119 Stat.
231 (May 11, 2005), amended the immigration statutes governing judicial review, codified at 8
U.S.C. § 1252(a), by adding the following jurisdictional restriction which makes a petition for
review to the applicable circuit court of appeals the "sole and exclusive means of judicial
review" for orders of removal:

>      Exclusive Means of Review-Notwithstanding any other provision of law
> (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus
> provision, and sections 1361 and 1651 of such title, a petition for review filed with an
> appropriate court of appeals in accordance with this section shall be the sole and
> exclusive means of judicial review of an order of removal entered or issued under any
> provision of this Act, except as provided in subsection (e) of this section.

district courts of jurisdiction over removal orders and designated the courts of appeals as the sole

forums for such challenges via petitions for review." *Moreira v. Mukasey,* 509 F.3d 709, 712

(5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)); *see also Hernandez-Castillo v. Moore,* 436 F.3d

516, 518 (5th Cir. 2006); *Rosales v. Bureau of Immigration & Customs Enforcement,* 426 F.3d

733, 736 (5th Cir. 2005); *Andrade v. Gonzales,* 459 F.3d 538, 542 (5th Cir. 2006).

This jurisdictional bar also applies to a request for relief from the BIA denial of a motion

to reopen removal proceedings. *See Joseph v. U.S. Immigration and Customs Enforcement*, 253

Fed.Appx. 356, 357, 2007 WL 3251826, *1 (5th Cir. 2007) (affirming district court dismissal

under REAL ID Act of petition for writ of habeas corpus challenging BIA denial of motion to

reopen removal proceeding); *Persad v. Heathman*, 2009 WL 959120, *2 (S.D. Tex. 2009)

(dismissing for lack of jurisdiction under REAL ID Act petition for relief seeking review of BIA

order denying motion to reopen removal proceedings).

Although the REAL ID Act provides that a habeas petition or request for relief from an

order of removal may be transferred to the appropriate court of appeals, transfer is limited to

petitions or requests that were pending in the district court on the date the Act was enacted. *See*

*Rosales,* 426 F.3d at 736. Because Petitioner filed this case long after the effective date of the

Act, it should be dismissed for lack of jurisdiction instead of being transferred. *Ochoa v.*

*Quarterman*, 2008 WL 2856465, *1-2 (N.D.Tex. 2008).[2]

---

8 U.S.C. § 1252(a)(5).

[2]  Petitioner's August 25, 2009 removal from the United States renders any
challenge to the removal order moot. *See Navarro-Miranda v. Ashcroft,* 330 F.3d 672, 675 (5th
Cir. 2003) (holding that removal proceedings are "completed and final" after a person is actually
deported pursuant to a removal order); *Galvan-Escobar v. Gonzales,* 151 Fed.Appx. 327, 330
(5th Cir. 2005) (per curiam) ("Once removed from the country, Galvan's case was effectively
finished.").

RECOMMENDATION:

For the foregoing reasons it is recommended that the notice of appeal, which implicitly

challenges the validity of the removal order, be DISMISSED without prejudice for lack of

jurisdiction.  *See* Fed. R. Civ. 12(h)(3) ("If the court determines at any time that it lacks subject-

matter jurisdiction, the court must dismiss the action").

Signed this 22nd  day of October, 2009.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.